ROSE CHERTOFF, Appellant, v. MARY GAGOLA, Respondent.— Memorandum: The defendant is entitled to examine and to copy the typewritten transcript of a statement which she had given to the plaintiff. (Appeal from order of Erie Special Term granting the defendant the right to examine, inspect and copy a typewritten transcript of the stenographic statement taken from defendant by plaintiff's attorneys.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

ROSE CHERTOFF, Appellant, v. MARY GAGOLA, Respondent.— Appeal unanimously dismissed, without costs, on the ground that the order appealed from is academic. (Appeal from order of Erie Special Term granting the stay of examination before trial of defendant Mary Gagola.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

GEORGE W. PEDERSEN et al., Respondents, v. GARDNER & NORTH ROOFING & SIDING CORP., Appellant. (Action No. I.) GARDNER & NORTH ROOFING & SIDING CORP., Appellant, v. GEORGE PEDERSEN, Respondent. (Action No. II.) GARDNER & NORTH ROOFING & SIDING CORP., Appellant, v. GEORGE PEDERSEN, Defendant and Third-Party Plaintiff-Respondent. JAMES A. ROSS, Third-Party Defendant. (Action No. III.) — Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Ontario Special Term granting the motion of George Pedersen and Gertrude Pedersen to consolidate the actions, granting said parties' motion to change the place of trial of Action No. II to Ontario County and denying the motion of Gardner & North Roofing and Siding Corp. to change the venue from Ontario County to Onondaga County.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SIGMUND ZOCHOWSKI, Appellant.—

Memorandum: The hearing should be limited to the question of whether or not section 662-a of the Code of Criminal Procedure was complied with by service upon the attorney for the defendant of a copy of the psychiatrist's report made pursuant to section 662 of the Code of Criminal Procedure. We do not reach or pass upon the question of the extent of the relief the appellant may be entitled to in the event of a finding of noncompliance with section 662-a. (Appeal from order of Monroe County Court denying a motion to vacate a judgment of conviction on July 12, 1960, for grand larceny, second degree, as a third felony offender.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.